IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| WARREN PASCHAL, JR., | : |
| Plaintiff, | : |
| v. | : Case No. 4:24-cv-195-CDL-AGH |
| Sheriff GREGORY COUNTRYMAN, | : |
| Defendant. | : |

## ORDER

Plaintiff Warren Paschal, Jr., a detainee in the Muscogee County Jail in Columbus, Georgia, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff has not, however, paid the Court's $405.00 filing fee for a civil rights complaint or moved for leave to proceed without prepayment of the fee (*in forma pauperis* ("IFP")). Thus, if he wants to proceed with this action, Plaintiff is **ORDERED** to either pay the $405.00 filing fee or file a proper and complete motion to proceed IFP. If he files a motion to proceed IFP, Plaintiff must complete the entire IFP application by filling out the motion and declaration as well as submitting "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint[.]" 28 U.S.C. § 1915(a)(2).

Additionally, Plaintiff's complaint is not on the standard 42 U.S.C. § 1983 form that is designed for use by prisoner litigants and does not contain a clear statement of the claims that Plaintiff is trying to raise. *See* Compl., ECF No. 1. Plaintiff is consequently **ORDERED** to recast his complaint if he wants to proceed with this

action. In his recast complaint, Plaintiff shall clearly identify those individuals he wishes to include as defendants in this case. Plaintiff must then set forth clear allegations regarding what the defendants did or did not do to violate his constitutional rights. Plaintiff must connect each defendant to an alleged constitutional violation. If he does not, Plaintiff's claims against that defendant will be subject to dismissal. Likewise, if Plaintiff asserts a constitutional violation, but does not identify a named defendant as being involved with that violation, that claim will be subject to dismissal.

In recasting his complaint, it is recommended that Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct? Is he a supervisory official? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured by this defendant's actions or decisions? If your injury is related to a change in the conditions of your confinement, please describe how those conditions differ from those in general population. If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5) *What* did this defendant do (or not do) in response to this knowledge?

(6) *What* relief you seek from this defendant?

Plaintiff should state his claims as simply as possible—he should not use legal terminology or cite to any specific statute or case law to state a claim. The Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8.

The recast complaint will take the place of the initial complaint. Thus, the Court will not look back to the original complaint to determine whether Plaintiff has stated a claim. Plaintiff should therefore take care to include all relevant factual allegations for any claims that he wishes to raise in his recast complaint.

In conclusion, if Plaintiff wishes to proceed with this action, he is **ORDERED** to (1) file a recast 42 U.S.C. § 1983 complaint consistent with these instructions, and (2) either pay the $405.00 filing fee or file a proper and complete motion to proceed IFP. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to file his recast complaint and either pay the filing fee or seek leave to proceed IFP. Finally, while this case is pending, Plaintiff must promptly inform the Court in writing as to any change in his mailing address. Plaintiff's failure to fully and timely comply with this Order may result in the dismissal of this action.

The Clerk is **DIRECTED** to forward to Plaintiff a blank 42 U.S.C. § 1983 form and a motion to proceed IFP, with the appropriate account certification form, along with his service copy of this order (with the civil action number appearing on all). There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 14th day of January, 2025.

    s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE